**KESSLER TOPAZ MELTZER
    & CHECK, LLP**
JENNIFER L. JOOST (Bar No. 296164)
(jjoost@ktmc.com)
One Sansome Street, Suite 1850
San Francisco, CA 94104
Tel: (415) 400-3000
Fax: (415) 400-3001

*Liaison Counsel for Non-party City of
Hialeah Employees' Retirement System*

[Additional counsel on signature page]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| IN RE SUPER MICRO COMPUTER, INC. SECURITIES LITIGATION | Case No. 5:24-cv-06147-EJD |
| | <u>CLASS ACTION</u> |
| | **NON-PARTY CITY OF HIALEAH EMPLOYEES' RETIREMENT SYSTEM'S RESPONSE TO DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |
| | <u>Potentially Related Cases:</u> |
| | *City of Hialeah Employees' Retirement System v. Super Micro Computer, Inc.*, No. 3:26-cv-03018-CRB; *Bhuva v. Super Micro Computer, Inc.*, No. 3:26-cv-02606-JSC; *In re Super Micro Computer, Inc. Securities Litigation*, No. 5:24-cv-06147-EJD. |

RESPONSE TO DEFS.' ADMIN. MOT. TO CONSIDER WHETHER CASES SHOULD BE RELATED
Case No. 5:24-cv-06147-EJD

Non-party City of Hialeah Employees' Retirement System ("Hialeah") submits this opposition to Super Micro Computer, Inc.'s ("Supermicro") administrative motion to deem *Bhuva v. Super Micro Computer, Inc.*, No. 3:26-cv-02606-JSC (N.D. Cal. Mar. 25, 2026) ("*Bhuva*") and *City of Hialeah Employees' Retirement System v. Super Micro Computer, Inc.*, No. 3:26-cv-03018-CRB (N.D. Cal. Apr. 8, 2026) ("*Hialeah*") (the "Indictment Actions") related to *In re Super Micro Computer, Inc. Securities Litigation*, No. 5:24-cv-06147-EJD (N.D. Cal. Aug. 30, 2024) (the "Supermicro Action").  *See* ECF No. 195.

By way of background, on March 19, 2026, U.S. federal agents arrested and indicted Supermicro's Co-Founder and Board Director, Wally Liaw, for violating U.S. export control laws. *Hialeah*, ECF No. 1 ¶6. The indictment alleged that, beginning in or about 2024, the indicted individuals and their co-conspirators participated in a scheme that "caused the sale of at least approximately $2.5 billion worth" of Supermicro servers to a passthrough company in Southeast Asia, the majority of which were ultimately diverted to China. *Id*. The indictment further alleged that the scheme ramped up over time, and that between late April 2025 and mid-May 2025 alone, at least approximately $510 million worth of Supermicro servers, assembled in the United States, were diverted to China in violation of U.S. export control laws. *Id*. When the indictment was unsealed on March 19, 2026, and these facts were disclosed, Supermicro's stock price declined over 33% the following trading day.  *Id*.

On March 25, 2026, and April 8, 2026, respectively, Apurva Bhuva and Hialeah filed the Indictment Actions in this District alleging violations of the federal securities laws based on the facts revealed in the indictment against Mr. Liaw.  *Bhuva*, ECF No. 1 ¶¶3-4; *Hialeah*, ECF No. 1 ¶¶5-6.

The recently-filed Indictment Actions are related to each other, but not to the Supermicro Action, which has been pending before this Court since August 2024.  Among the factors for consideration by the Court in determining relatedness are the following:

- Different misconduct and subject matter: The Indictment Actions concern how Mr. Liaw and the other indicted individuals, beginning in or about 2024, schemed to violate the U.S. export laws. *Hialeah*, ECF No. 1 ¶¶5-6; *Bhuva*, ECF No. 1 ¶¶3-4. Meanwhile, the

Supermicro Action concerns how, following Nasdaq's delisting of the Company in 2016, Supermicro suffered the same material weaknesses in internal controls and improper accounting practices that it falsely represented that it remediated in 2020. Supermicro Action, ECF No. 176 ¶¶1-6.

- Different misrepresentations: The Indictment Actions concern misrepresentations about (i) Supermicro's non-compliance with the U.S. export laws (*see Hialeah*, ECF No. 1 ¶¶20, 22, 27, 29, 31-33), and (ii) demand for Supermicro servers (*see, e.g.*, *Bhuva*, ECF No. 1 ¶¶18-20, 23, 25-26, 29, 31; *Hialeah*, ECF No. ¶¶23, 30). Meanwhile, the Supermicro Action concerns misrepresentations that Supermicro had remediated the material internal control weaknesses and improper accounting practices that it had engaged in leading up to its Nasdaq delisting and 2020 SEC fine. Supermicro Action, ECF No. 176 ¶¶187-232.

- Different time periods: The class period in the Supermicro Action begins on November 3, 2020. Meanwhile, the class periods in the Indictment Actions begin over three years later, on February 2, 2024 (*Hialeah*) and April 30, 2024 (*Bhuva*). The class periods in the Supermicro Action and the Indictment Actions overlap for a mere seven months of the 5+ year class periods—less than 15% of the combined class periods.

- Different harms and corrective disclosures: In the Indictment Actions, plaintiffs were harmed when Liaw's indictment was unsealed on March 19, 2026, which caused a 33.3% decline in Supermicro's stock price. Meanwhile, in the Supermicro Action, plaintiffs were harmed when, among other things, Ernst & Young (i.e., Supermicro's auditor) resigned and issued a scathing public condemnation of CEO Liang, CFO Wiegand, and Supermicro on October 30, 2024, which caused a 32.7% decline in Supermicro's stock price.

- Different key witnesses and Defendant: Mr. Liaw is a defendant in *Hialeah*, and the misconduct of Mr. Liaw and the other indicted Supermicro employees is at the center of the Indictment Actions. Meanwhile, Mr. Liaw is mentioned once (and only in passing) in the Supermicro Action complaint (ECF No. 176 ¶146), and none of the other indicted Supermicro employees are referenced in the Supermicro Action complaint.

Courts hold that "[t]he fact that two plaintiffs are bringing similar claims against the same

defendant does <u>not</u> satisfy the requirement of Rule 3-12 (1) that the actions concern substantially the same parties, property, transaction, or event." *Shwiyhat v. Martin Marietta Materials, Inc.*, 2025 WL 1725005, at *2 (N.D. Cal. June 20, 2025) (emphasis added). Here, for the reasons described above, the claims are not similar, and the cases do not involve the "same parties, property, transaction or event." When faced with similar facts, courts have routinely rejected motions to relate. *See Tecson v. Lyft, Inc.*, 2019 WL 1903263, at *3 (N.D. Cal. Apr. 29, 2019) (that a company faced two class actions brought under same statute did not mean the cases should be related); *Nozolino v. Hartford Life & Accident Ins. Co.*, 2013 WL 2468350, at *1 (N.D. Cal. June 6, 2013) (that the same company faced ERISA claims in both actions was "insufficient" for relating cases); *Ortiz v. CVS Caremark Corp.*, 2013 WL 12175002, at *2 (N.D. Cal. Oct. 15, 2013) (denying motion to relate class actions because the overlap of "some class members is not enough to reach the substantial similarity threshold").

Likewise, the Rule 3-12(a)(2) test for relatedness is not met here. Keeping the Supermicro Action separate does not pose a risk of unduly burdensome duplication of labor or conflicting judgments. *See EEOC v. Abercrombie & Fitch Stores, Inc.*, 2011 U.S. Dist. LEXIS 94353, at *2-3 (N.D. Cal. Aug. 23, 2011) (Davila, J.) ("no risk" of duplication of labor in light of "different . . . time frames, decision makers, witnesses, and defenses"); *Brown v. Accellion, Inc.*, 2022 U.S. Dist. LEXIS 44796, at *4 (N.D. Cal. Mar. 14, 2022) (Davila, J.) ("Because the negligence claims are different and require different evidence to resolve, the danger of conflicting results . . . is not applicable.").

*    *    *

For the foregoing reasons, Hialeah respectfully submits that the Indictment Actions are related to each other, but not related to the Supermicro Action.

Dated:  April 20, 2026                                    Respectfully submitted,

**KESSLER TOPAZ MELTZER
  & CHECK, LLP**

*/s/ Jennifer L. Joost*
JENNIFER L. JOOST (Bar No. 296164)

(jjoost@ktmc.com)
One Sansome Street, Suite 1850
San Francisco, CA 94104
Tel: (415) 400-3000
Fax: (415) 400-3001

*Liaison Counsel for Non-party City of Hialeah Employees' Retirement System*

**BERNSTEIN LITOWITZ BERGER
  & GROSSMANN LLP**

Hannah Ross
(hannah@blbglaw.com)
Scott R. Foglietta
(scott.foglietta@blbglaw.com)
1251 Avenue of the Americas
New York, NY 10020
Tel: (212) 554-1400
Fax: (212) 554-1444

*Counsel for Non-party City of Hialeah Employees' Retirement System*

**KLAUSNER KAUFMAN JENSEN
  & LEVINSON, P.A.**

Robert D. Klausner
Stuart A. Kaufman
7080 Northwest 4th Street
Plantation, FL 33315
Telephone: (954) 916-1202
bob@robertdklausner.com
stu@robertdklausner.com

*Additional Counsel for Non-party City of Hialeah Employees' Retirement System*